■ ROSE PETROSSI, Appellant, v. GEORGE H. HITCHENS, Respondent.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdict is against the weight of evidence. (Appeal from judgment and order of Monroe Trial Term dismissing the complaint upon a jury verdict of no cause for action. The order denied plaintiff's motion to set aside the verdict, in an automobile negligence action.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE BENEFIELD, Appellant.— Judgment unanimously modified on the law, and as so modified affirmed and the proceeding remitted to Erie County Court for resentence under the second count of the indictment in accordance with the memorandum. Memorandum: The defendant was convicted of possession of illicit alcoholic beverages under section 151 of the Alcoholic Beverage Control Law. The court suspended sentence. He was also convicted on a second count of the same indictment for the sale of illicit alcoholic beverages contrary to sections 152 and 155 of the same law. Both crimes were committed at the same time and were a part of the same transaction. The court considered the conviction under the second count to be a felony and sentenced him to not less than three and one-half nor more than five years' imprisonment in Attica State Prison. The defendant correctly contends that a conviction under section 152 is not punishable as a felony unless there is proof that the defendant had previously been convicted of violating that section or section 154. (See Alcoholic Beverage Control Law, § 155.) It is conceded by the District Attorney that there was no such proof. Therefore, the felony sentence was erroneous. Both parties have asked that if we find the conviction proper in all other respects, and we do so find, that we modify and correct the judgment by determining that the conviction under the second count was for a misdemeanor only pursuant to the authority we are given under section 543 of the Code of Criminal Procedure. Such a modification and reduction are proper. Therefore, the judgment of conviction should be reduced to a misdemeanor and the proceeding remitted to the Erie County Court for resentence under the second count of the indictment accordingly. (Appeal from judgment of Erie County Court convicting defendant of a violation of section 151 of the Alcoholic Beverage Control Law [misdemeanor] and a violation of section 152 of the Alcoholic Beverage Control Law [felony].) Present — Williams P. J., Bastow, Halpern, McClusky and Henry, JJ.